**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**GLYCOBIOSCIENCES INC.,**
7 Timber Court
Georgetown, Ontario L7G 4S4

**Plaintiff,**

v.

**Civil Action No. 3:25-CV-151**

**REVLON INC.,**
540 Beauty Rest Avenue
Jacksonville, FL 32254

**Defendant.**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GlycoBioSciences, Inc., by its undersigned counsel, allege for its Complaint

against Revlon Consumer Products, LLC, as follows:

**THE NATURE OF THIS ACTION**

1.      Plaintiff, GlycoBioSciences, Inc.  brings this action against Defendant, Revlon

Consumer Products, LLC  pursuant to 35 U.S.C. §101 et seq. and §§ 271, 281, 283, 284, & 285

inclusive, for infringement of one or more claims of the Glyco Patents-in-Suit, U.S. Patent No.

9,821,005 (Exhibit A) entitled Polymer Matrix Compositions Comprising a High Concentration

of Bio-fermented Sodium Hyaluronate and Uses Thereof and  U.S. Patent No. 10,332,142

(Exhibit B) entitled Polymer Matrix Compositions Comprising a High Concentration of Bio-

fermented Sodium Hyaluronate and Uses Thereof . Both patents list Kevin Drizen and Jai

Velusamy as inventors and are assigned to Plaintiff Glyco. The Glyco Patents-in-Suit are

1

directed to cosmetic and pharmaceutical formulations for the effective delivery of Hyaluronate in a polymer matrix. Plaintiff Glyco has launched several successful products with Hyaluronate components and has a multi decade history in the development of polymer matrix delivery, with numerous patent grants.

2.      Defendant Revlon infringe the '005 and '142 Patents by manufacturing and selling certain Hyaluronate containing cosmetics. Defendant Revlon's specific infringing products so far identified by Plaintiff are the "Hyaluronic Acid, 24-Hour Hydration, Revlon Colorstay™ Longwear Makeup" (Exhibit D) and the "Illuminance, 5% Squalane Hyluronic Acid 517, Skin-Caring Foundation" (Exhibit E), which utilize the patented formulations as claimed in the Glyco Patents. Defendants have refused to cease their infringing actions, thereby necessitating this lawsuit.


**THE PARTIES**

3.      Plaintiff Glyco is a Canadian Corporation, founded in 2003 and headquartered in Ontario Canada with its principle place of business at 7 Timber Court, Georgetown, Ontario L7G 4S4.

4.      Plaintiff Glyco has developed numerous formulations for the effective delivery of therapeutic agents, including Hyaluronic Acid. Plaintiff Glyco has developed a range of polymer matrices that are effective carriers for the efficient delivery of Hyaluronic Acid for skin care, wound care and cosmetic uses. Several of Plaintiff's products which are currently on the market are protected by the Glyco Patents.

5.      Defendant Revlon is a Delaware corporation organized under the laws of Delaware. Revlon sells and distributes accused infringing products throughout the United States, including sales into this Judicial District.

6.      Defendant Revlon has a regular and established place of business in Florida and maintains a corporate office and distribution center at 540 Beauty Rest Avenue, Jacksonville, FL 32254.

**JURISDICTION AND VENUE**

7.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 *et seq.*

8.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question, and 28 U.S.C. § 1332(a)(2). This Court has personal jurisdiction over Defendant Revlon because Revlon maintains a regular and established place of business in this District.

9.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400. Defendants have committed acts of infringement in and have a regular and established place of business in  this judicial district.

**BACKGROUND AND GENERAL ALLEGATIONS**

10.     Plaintiff Glyco developed stable polymer matrix compositions which have advantageous properties, comprising high concentrations of sodium hyaluronate obtained from a Streptococcus zooepidemicus source and a non-ionic polymer. Plaintiff Glyco's products have found advantageous results from the use of a polymer matric composition which further

comprises polyethylene glycol and methylparaben, and utilizes ingredients that are of pharmaceutical or compendial grade. The polymer matric compositions used by Glyco and protected by the patents, may optionally comprise an active ingredient. The polymer matric compositions may be used in the treatment of wounds, burns, certain dermatological conditions and in topical, transdermal delivery and sustained release of active ingredients.

11.    The patents protect formulations with a polymer matrix composition comprising: sodium hyaluronate, a hydroxyethylcellulose or equivalent non-ionic polymer, polyethylene glycol , and water, and formulas with equivalent compositions and/or additional components.

12.    The Glyco Patents, copies of which are attached as Exhibits A and B to the Complaint, have each been assigned to, and are currently owned by, Plaintiff GlycoBioSciences.

13.    The '005 Patent was legally issued by The United States Patent and Trademark Office on November 21, 2017.

14.    The '142 Patent was legally issued by The United States Patent and Trademark Office on June 18, 2019 as continuation of the '005 Patent and is co-terminus with the '005 Patent, both expiring on August 5, 2035.

**INFRINGING PRODUCTS**

15.    Defendant Revlon manufactures and sells certain Hyaluronic Acid containing cosmetics. Defendant Revlon's specific infringing products include the "Hyaluronic Acid, 24-Hour Hydration, Revlon Colorstay™ Longwear Makeup" and the "Illuminance, 5% Squalane Hyluronic Acid 517, Skin-Caring Foundation."  Upon investigation, testing, information and belief, the above products contain high concentrations of Hyaluronic Acid in a Polymer matrix which includes a non-ionic polymer and are formulations that have all the elements of one or

more of the claims of the Glyco Patents and/ have formulae that are equivalent to the claimed formulas.

16.     Additional infringing products may be introduced by Defendant during the pendency of this litigation and or may be otherwise discovered and/or identified by Plaintiff during the pendency of this litigation and are included in the accused products.

17.     Plaintiff Glyco contacted Defendant, citing the Glyco Patents. The parties have had communications in an effort to resolve this issue of infringement. However, Defendants have so far refused to respect the patent rights of Glyco, despite offers of license consistent with other equivalent Glyco and industry licenses.

18.     The '005 Patent includes five claims. Independent claim 1 recites a formulation for a stable topical polymer matrix gel composition comprising generally:

   1.5% to 3.5% bio-fermented sodium hyaluronate;

   0.1% to 2.0% hydroxyethylcellulose;

   2% to 4% polyethylene glycol;

   0.1% to 0.3% w/w methylparaben;

   and water.

19.     The '142 Patent includes 17 claims, twelve polymer matrix claims and

   five method claims, for a polymer matrix composition comprising generally:

   about 1.5% to 3.5% bio-fermented sodium hyaluronate;

   about 0/1% to 2/0% non-ionic polymer selected from a broad group of polymers ;

   about 2% to 4% polyethylene glycol;

   and water;

the claims recite a large range of acceptable non-ionic polymer components. The '142 claims also recite, in certain embodiments, the inclusion of an active therapeutic ingredient in addition to Hyaluronic Acid.

20.    Defendant Revlon manufactures, distributes and sells products which include each of the recited elements of one or more of the claims of the Glyco Patents, and/or their substantial equivalents.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,821,005**

21.    The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

22.    Plaintiff Glyco is the current assignee and owner of the '005 Patent.

23.    Defendant Revlon has infringed, and continues to infringe, at least one claim of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States with formulae including one or more of the following components: Water, Cyclopentasiloxane, Phenyl Trimethicone, Squalane, PEG-10 Dimethicone, Neopentyl Glycol Diheptonoate, Propanedol, PPG-24-Glycereth-24, Trimethylsiloxyilicate, Dimethcone, Glycerin, Lecithin, Magnesium Sulfate, 1,2-Hexanedol, Ammonium Acryloyldimethyltaurate/VP Copolymer, C11-15 Alketh-40, C11-15 Alketh-7, Camellia Sinensis Leaf Extract, Caprylic/Capric Triglyceride, Caprylyl Glycol, Disteardimonium Hectorite, Ethylene/Acrylic Acid Copolymer, Glycyrrhiza Glabra Root Extract, Haematococosus Pluvialis Extract, Lithospermum Erythrorhizon Root Extract, PEG/PPG-18/18 Dimethicone, Polysilicone-11, Simethicone, Sodium Hyaluronate, Sodium Laureth-12 Sulfate, Styrene/Acrylates

Copolymer, Tetrasodium Edta, Tocopheryl Acetate, Triethoxycaprylylsilane, Triethyl Citrate,

Phenoxyethanol, which are elements of the asserted claims.

 

 

24.    Defendant Revlon does not have a license or permission to use the '005 Patent.

25.    Defendant Revlon has been willfully infringing the '005 Patent. Upon information and belief, Defendant Revlon has no good faith defense to Plaintiff Glyco's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant Revlon has intentionally continued its infringement.

26.    As a result of Defendant Revlon's infringement of the '005 Patent, Plaintiff Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of Defendant Revlon.

**COUNT II**
**Infringement of U.S. Patent No. 10,332,142**

27.    The allegations of the paragraphs above are hereby re-alleged and incorporated herein by reference.

28.    Plaintiff Glyco is the current assignee and owner of the '142 Patent.

29.    Defendant Revlon has infringed, and continues to infringe, at least one claim of the '005 Patent, under 35 U.S.C. § 271(a), by making, distributing and selling the Accused Products into the United States with formulae including one or more of the following components: Water, Cyclopentasiloxane, Phenyl Trimethicone, Squalane, PEG-10 Dimethicone, Neopentyl Glycol Diheptonoate, Propanedol, PPG-24-Glycereth-24, Trimethylsiloxyilicate, Dimethcone, Glycerin, Lecithin, Magnesium Sulfate, 1,2-Hexanedol, Ammonium Acryloyldimethyltaurate/VP Copolymer, C11-15 Alketh-40, C11-15 Alketh-7, Camellia Sinensis Leaf Extract, Caprylic/Capric Triglyceride, Caprylyl Glycol, Disteardimonium Hectorite, Ethylene/Acrylic Acid Copolymer, Glycyrrhiza Glabra Root Extract, Haematococosus Pluvialis Extract, Lithospermum Erythrorhizon Root Extract, PEG/PPG-18/18 Dimethicone, Polysilicone-

8

11, Simethicone, Sodium Hyaluronate, Sodium Laureth-12 Sulfate, Styrene/Acrylates

Copolymer, Tetrasodium Edta, Tocopheryl Acetate, Triethoxycaprylylsilane, Triethyl Citrate,

Phenoxyethanol, which are elements of the asserted claims.







30.    Defendant Revlon does not have a license or permission to use the '142 Patent.

31.    Defendant Revlon has been willfully infringing the '142 Patent. Upon information and belief, Defendant Revlon has no good faith defense to Plaintiff Glyco's infringement allegations and has refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant Revlon has intentionally continued its infringement.

32.    As a result of Defendant Revlon's infringement of the '142 Patent, Plaintiff Glyco has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty and lost profits on at least a portion of the sales of Defendant Revlon.

**PRAYER FOR RELIEF**

A.    For a Judgment declaring the Defendant Revlon infringed the Glyco Patents.

B.    For a Judgement declaring that Defendant Revlon has infringed the 9,821,005 Patent.

C.    For a Judgement declaring that Defendant Revlon has infringed the 10,332,142 Patent.

D.    For a Judgement declaring that Defendant Revlon's infringement of the Glyco patents has been willful;

E.    For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendant from further acts of infringement;

F.      For a judgment awarding Plaintiff Glyco compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff Glyco for said infringement of the Glyco Patents in an amount to be determined at trial;

G.      For a Judgement declaring that this case is exceptional and awarding Plaintiff Glyco its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

H.      For a Judgement awarding Plaintiff Glyco prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgement interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid.

I.      For a Judgment awarding Plaintiff Glyco enhanced damages under 35 U.S.C. § 284; and

J.      For such other relief to which Plaintiff Glyco is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

DATED: February 11, 2025                    Respectfully submitted,

                                             /s/ Joseph J. Zito
                                            Joseph J. Zito (pro Hac)
                                            jzito@dnlzito.com
                                            DNL ZITO
                                            1250 Connecticut Avenue, NW, Suite 700
                                            Washington, DC 20036
                                            202-466-3500

                                            *Attorneys for Plaintiff*

11

Local Counsel

/s/ Weir L. King III
Weir L. King III
Florida Bar No. 1039989
772-486-4486

*Attorneys for Plaintiff*